# MILBANK, TWEED, HADLEY & McCLOY LLP

### 1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000

FAX: 212-530-5219

**LOS ANGELES**
213-892-4000
FAX: 213-629-5063

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
44-20-7615-3000
FAX: 44-20-7615-3100

**FRANKFURT**
49-69-7914-3400
FAX: 49-69-7914-3500

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

ALAN J. STONE
PARTNER
DIRECT DIAL NUMBER
212-530-5285
FAX: 212-822-5285
E-MAIL: astone@milbank.com

**BEIJING**
8610-5969-2700
FAX: 8610-5969-2707

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**TOKYO**
813-5410-2801
FAX: 813-5410-2891

**SÃO PAULO**
55-11-3927-7700
FAX: 55-11-3927-7777

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2012

September 26, 2012

**MEMO ENDORSED** ₚ4



The Honorable Richard M. Berman
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   ***Bank of New York Mellon Trust Co., N.A. v.***
***Santander Holdings USA, Inc., 10 CV 9420 (RMB) (JCF)***

Dear Judge Berman:

I write to seek permission for Santander Holdings USA, Inc. ("SHUSA") to file a

motion to determine whether the Court has subject matter jurisdiction over this case.

Throughout this proceeding, BNY has refused to disclose the names and citizenships of Trust

PIERS holders directing BNY in this litigation (the "Directing Noteholders"), and recent events

suggest that its refusal to produce may have been for strategic reasons.[1]  Under binding Second

Circuit precedent, the citizenship of the "master of the litigation" must be taken into account

when determining the existence of diversity jurisdiction even if the "master of the litigation" is

not a named party.[2]  A document produced to SHUSA on August 1, 2012 suggests that the

---

[1]   Attachment 3, Transcript of Damages Hearing held on July 16, 2012 at 142:16-143:2.

[2]   *Oscar, Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 195 (2d Cir. 2003); *Transcontinental Oil Corp. v. Trenton Prods. Co.*, 560 F.2d 94, 103 (2d Cir. 1977); *see also* 28 U.S.C. § 1359.

Hon Richard M. Berman
September 26, 2012
Page 2

Directing Noteholders are the masters of this litigation and that their citizenships—which BNY and the Directing Noteholders have refused to disclose—should therefore determine whether there is diversity jurisdiction here.[3]

      Legal Standard. The existence of subject matter jurisdiction cannot be assumed; federal courts must assume that they *lack* subject matter jurisdiction until a plaintiff *proves* otherwise.[4] Moreover, a federal court cannot accept parties' assurances (or even agreement) regarding whether the court has subject matter jurisdiction and must independently investigate whether it has jurisdiction. Fed. R. Civ. P. 12(h)(3) requires that an action be dismissed "[i]f the court determines at any time that it lacks subject-matter jurisdiction," and the Supreme Court and Second Circuit have directed district courts to police the existence of subject matter jurisdiction on the courts' own initiative.[5]

      Application to This Case. SHUSA believes that the record establishes that the Directing Noteholders have withheld identifying information about themselves to hide behind BNY's citizenship even though a contract they drafted before this action was filed gives them complete control over and all economic interest in this case. And there is no question that BNY and the Directing Noteholders considered it crucial to have this case heard by a court in the Second Circuit so that they could argue that the *Maverick Tube* decision was controlling, an

---

[3]     Compare Attachment 2 (BNY's latest refusal to disclose) with Attachment 4 at 2-3 (Instruction Letter, making clear that the Directing Noteholders control this litigation).

[4]     *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Luckett v. Bure*, 290 F.3d 493, 492 (2d Cir. 2002).

[5]     *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 274 (2d Cir. 2005).

Hon Richard M. Berman
September 26, 2012
Page 3

argument SHUSA disproved (and will raise if necessary with the Second Circuit) but which

BNY could not have even asserted in other courts.

SHUSA believes that the current record warrants dismissal of this action for lack

of subject matter jurisdiction. The recently produced Instruction Letter (Attachment 1)

establishes that BNY relinquished to the Directing Noteholders the management of this litigation

and has no financial stake in the outcome of the case (even its own counsel's fees were assumed

by the Directing Noteholders). SHUSA's motion would establish that, on the basis of the record

as it currently exists, BNY could not show that the Court has subject matter jurisdiction.

SHUSA would also argue that in the alternative the Court should, at the very

least, reopen discovery to permit the Court and SHUSA to know who the Directing Noteholders

are and what their citizenship is for diversity jurisdiction purposes.[6]  Binding authority requires

the Court to examine the basis for its subject matter jurisdiction carefully; in particular, the Court

has an "independent obligation to ensure that federal subject-matter jurisdiction exists."[7]  In this

case, SHUSA respectfully submits that discovery into the following issues would be necessary to

enable the Court to fulfill that obligation: (i) the identities of the Directing Noteholders, (ii) the

type of entity of each Directing Noteholder (limited liability company, partnership, corporation,

natural person), and (iii) facts necessary to determine the Directing Noteholders' citizenships.

This is information that the Directing Noteholders should have readily at hand (for example, (i)

could be addressed by producing an unredacted copy of Attachment 1).

---

[6]     *See, e.g., E.R. Squibb & Sons*, 160 F.3d 925, 940 (2d Cir. 1998) (remanding 16 year-old
        litigation, following jury trial, for factual investigation into existence of diversity jurisdiction).

[7]     *See Sullivan*, 424 F.3d at 274.

Hon Richard M. Berman
September 26, 2012
Page 4

SHUSA stands ready to file this motion immediately.

Respectfully submitted,

Alan J. Stone

Attachments

cc:  Douglas Flaum, Esq.
     Glenn Siegel, Esq.

Plaintiff may respond by letter by 10/4/2012 at noon. A pre-motion conference is scheduled for 10/11/2012 at 10:00 a.m.

SO ORDERED:
Date: 9/28/2012   Richard M. Berman

Richard M. Berman, U.S.D.J.